Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham Lambert, SBN 303056
(gl@haffnerlawyers.com)
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff Corey Gerritsen and Sara Elice, and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COREY GERRITSEN, an individual; on behalf of himself and all others similarly situated; and SARA ELICE, an individual; on behalf of herself and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiffs Corey Gerritsen and Sara Elice (collectively "Plaintiffs") bring this class action against Defendant FCA US, LLC ("Defendant" or "Chrysler"), and Does 1-10, and respectfully alleges the following:

## NATURE OF THE ACTION

1. This is a class action for Breach of Warranty, violation of the Consumer Legal Remedies Act, and Unfair Business Practices, arising out of Defendants' manufacture, design, and distribution of Chrysler branded automobiles with a defective "infotainment system." As alleged herein, the Defendant's vehicles ("Vehicles") were defective in that infotainment systems and posed a safety hazard to persons driving.

2. As more fully alleged herein, Plaintiffs purchased a new 2018 Chrysler Pacifica, with an infotainment system manufactured by Defendants. The infotainment system was defective and would cause various malfunctions including the rear backup camera becoming unavailable, screen malfunctions, unresponsive climate control, inability to access the navigation system, loosing Bluetooth connectivity (for hands free calling) and other defects.

3. Plaintiffs seek for themselves and the Class compensatory damages, punitive damages, and restitutionary disgorgement. Plaintiffs seek to represent the following Classes in this matter:

> **Class 1 (National Class)**: All persons or entities who purchased or leased a Chrysler Pacifica or 300 for the model years 2017-2019.
>
> **Class 2 (California Class)**: All persons or entities who purchased or leased a Chrysler Pacifica or 300 for the model years 2017-2019 in the State of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions

complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA"). The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## PARTIES

5. Plaintiff Corey Gerritsen, was, at all relevant times, a citizen of the State of California, and resident in the County of Los Angeles.

6. Plaintiff Sara Elice, was, at all relevant times, a citizen of the State of California, and resident in the County of Los Angeles

7. Defendant FCA US, LLC was, at all relevant times, a Company doing business in the County of Los Angeles, State of California.

8. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

9. Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and

joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Defendants' are known throughout the United States and internationally as major manufacturers of automobiles and related products, including vehicles sold under the Chrysler brand.

11. Many of Defendant's Vehicles contain what is known in the automobile industry infotainment system (referred to herein as "infotainment system"). An infotainment system combines both entertainment and information delivery to drivers and passengers in automobiles through audio/video interfaces, touchscreens, keypads and other types of devices.

12. Infotainment systems play a crucial role in modern vehicles. Infotainment systems serve as a gateway between the user and the safety of the vehicle including navigation, communication, and entertainment systems. Chrysler's infotainment system platform is called UConnect. Chrysler's UConnect website states that the "UConnect system is always evolving to help meet your safety, security, information and lifestyle needs."[1]

13. Chrysler's website advertises that its UConnect system lets drivers "Keep in touch where ever you go" and that "you smartphone integrates seamlessly with your available UConnect system to let you make and receive calls, reply to text messages, play songs from your smartphone, right from your Chrysler Brand vehicle." Other operations include control over audio systems, GPS navigation, rearview camera, voice commands, and Bluetooth connectivity.

[1] https://www.chrysler.com/uconnect.html#systems (last accessed August 21, 2019)

14. The infotainment systems in Defendant's Vehicles are substantially similar in design and manufacture. Defendant charges a premium for the inclusion of the infotainment system in one of their vehicles. Defendant's automobiles sold in California under the Chrysler brand with factory-installed infotainment systems are referred to in this complaint as "Chrysler Vehicles" or "Vehicles."

**A. Plaintiffs**

15. Plaintiffs purchased their new 2018 Chrysler Pacifica on March 28, 2018 from Rydell Chrysler Dodge Jeep Ram in San Fernando, California.

16. Plaintiffs purchased the vehicle in part based on the representations made by Defendants regarding the infotainment system in the Vehicle.

17. None of the representations received by Plaintiffs contained any disclosure relating to any defect in the infotainment system. Had Defendants disclosed that the infotainment system in the Vehicle was defective preventing the full use of the Vehicle and infotainment system, as wells as posing safety risks, Plaintiffs would not have purchased the Vehicle or would have paid less for the vehicle.

18. Plaintiffs began experiencing problems with the infotainment system almost immediately. For example, the rear-view camera would malfunction such that it would not work while reversing while at other times the screen would continue to display the rear camera view when the car was not reversing. Additionally, Plaintiffs purchased the Vehicle because it had rear seats with screens. These screens were an important consideration for Plaintiffs when choosing to purchase the Vehicle because it could entertain their kids while driving. However, the rear screens are defective and do not function as represented.

19. Plaintiffs have taken the vehicle back to the dealership multiple times to address problems with the infotainment system including on September 12, 2018, January 7, 2019; March 11, 2019; and April 5, 2019. The dealership has updated the software for the infotainment system and changed out parts. However, despite

these attempted fixes, the infotainment system continues to malfunction.

20. Plaintiffs have suffered an ascertainable loss as a result of Defendants' wrongful conduct associated with the infotainment system including, but not limited to, overpayment and diminished value of the Vehicle. Plaintiff sent a statutory CLRA notice letter on September 24, 2019.

**B. The Infotainment System Does Not Function As Represented**

21. Defendants' Vehicles' infotainment systems contain a defect that causes many of the Vehicles features (e.g., the rear view camera does not work, the T.V. monitors do turn on, do not connect, and/or fail to sync with the infotainment systems, radio does not work, Bluetooth freezes) to frequently malfunction.

22. Because the infotainment system is integrated with numerous vehicle functions (such as rear back-up camera, hands-free phone integration, video, radio, navigation, etc.), defects cause and manifest a wide range of problems for the vehicle. Or instance, the defect can cause the radio to freeze or the rear back-up camera to cease to function. These problems pose a safety risk because when the system malfunction, the driver can become distracted, or may not have access to safety features like the rear back-up camera or hands free phone use.

23. It is the practice of car manufacturers to monitor online complaints. Numerous complaints have been posted on multiple websites regarding issues with the infotainment systems in Chrysler's Vehicles:[2]

- "Over the air uconnect update caused the radio to freeze. As a result, the uconnect console screen is frozen or rather flashes the Chrysler/Sirius logo constantly. This "update" disabled radio/Bluetooth/electronic controls/navigational/functions. Chrysler says it sent a "fix" to the dealer. The dealer says it has not received it. I am in an endless loop.
I have been driving for weeks without a radio or handsfree or navigational assistance. I use my phone as a "substitute". I need to trade this car in. for all the nice features of a large car, **I never**

[2] All typographical and/or grammatical error in the consumer complaints quoted herein are original. All emphasis is added.

**would have leased it without radio functions.**" (Complaint posted to CarComplaints.com dated September 8, 2017)

- "**Our theater system has not worked properly since we purchased the new vehicle the new vehicle 4 months ago**. The car is at the dealership for repair, but the software patches have not worked and have corrupted the entire system. Chrysler does not know how to fix the problem or what is causing the issue. My band new $50,000+ vehicle has been sitting at the dealership with no expectation on when the problem will be fixed. (Complaint posted to CarComplaints.com dated April 27, 2018)

- "On numerous occasions the navigation screen would go black or freeze up. On multiple occasions the uconnect theater would not work. Everytime we took it to the dealership said it was fine and didn't need investigate the issue. Recently, we went to the store and made several stops at different stores on our last stop the van would not recognize the keys. We couldn't lock or unlock the van. I had to pull out the emergency key to get into the van. Once inside the van didn't recognize the keys. I ended up having to google the issue for a work around to get home. The entire ride there was a display stating that the key was not in the vehicle. We made on more stop and an left the van running. Ten minutes later it recognized the key and a uconnect started working again. **The van is a 2018 and less than a year old. This is unacceptable for a new vehicle.** (Complaint posted to CarComplaints.com dated January 31, 2019)

- Forward collision warning system is not working. Went back to the dealers and is still does not work. I called Chrysler and spoke to two different people and was told they have no way to check if it working. I paid $995 for this option for safety for my family. I was told this was a luxury feature and not able to be tested, too bad for us. I have tested my car with Chrysler mechanics and they don't know how to fix the problem. How can chr not sell something like this? Thanks. (Complaint posted to CarComplaints.com dated May 17, 2018)

- "Two wonky situations with Uconnect Theater:

1. The screen displays the backup camera while driving forward under 16/17 MPH then switches to the blue "X" screen of death above 16/17 MPH. It will flip back and forth depending on the speed driven. The touchscreen is unusable in this condition. Nothing seems to fixes the issue except stopping/turning off the van. No patter as to why this situation occurs.

2. If a DVD/bluray is in the van while parked then the van is started while the move continues to play, shortly thereafter, the head-unit displays the blue "x" screen of death. Nothing seems to fixes the issue except stopping/turning off the van.

It feels lik it's a software issue that can be fixed with an bug fix

update. Asked about this with two difference dealers and they both give the same shoulder shrug." (Complaint posted to CarComplaints.com dated April 18, 2019.

- "Computer get hanged and reset, again ..again .. again.. when it happens – no navigation, no radio, no warning… no solution." (Complaint posted to Edmunds.com dated May 18, 2018)

- "I purchased a Brand new 2018 Chrysler pacifica S with 3 miles on it Ive had it for 1 month or so now and have had nothing but problems Computer glitches." (Complaint posted to Edmunds.com dated May 22, 2018)

- "Technology-wise I give it 2 stars. The screen interface is just ok, it's main issue is glitches. The backup camera would not work from time to time, volume would get stuck, screens would jump back and forth, sometimes the entire interface will simply reset itself mid-drive. **Talk about distraction.**" (Complaint posted to kbb.com dated April 20, 2019)

24. The online complaints allege these defects with the infotainment system begin almost immediately:

- "**Our theater system has not worked properly since we purchased the new vehicle 4 months ago**. The car is at the dealership for repair, but the software patches have not worked and have corrupted the entire system. Chrysler does not know how to fix the problem or what is causing the issue. My brand new $50,000+ vehicle has been sitting at the dealership with no expectation on when the problem will be fixed." (Complaint posted to CarComplaints.com dated April 27, 2018)

- **"I have had this car since late August and have had electrical problems with it from the first week.** The electronics system went dead twice while I drove the car on a long distance trip. A few days later, the side door failed to open and close electronically AND the car issues and engine malfunction message on the radio screen. Brought the car back to the dealer over 20 times to repair these problems. These are safety problems and should be repaired immediately. In addition, **Chrysler has falsely advertised that this car has wifi capability. It doesn't.** I was able to connect a hotpot in the car for a month and then without notifying me, the hotspot was cancelled BUT I was still charged by AT&T. **I've contacted Chrysler about all of these problems and was transferred to 3 different case managers who simply tried to get me to sign a release in exchange for one month's payment of my lease.** I asked to return this car so many times and each time was stonewalled. I have wasted so much time driving back and forth to the dealership to get this car repaired and the problems continue. Buyers BEWARE!!!" (Complaint posted to Edmunds.com dated March 12, 2018)

- **Since we purchased the vehicle 3 months ago, dealer hasn't been able to correct problems with Bluetooth connectivity and gps memory**. They've replaced the radio once but that didn't correct issues. Per dealership, Chrysler has 'radio restriction' so they don't know when another might be available. Seems more of a software issue that they don't seem to know how to correct. (Complaint posted to CarComplaints.com dated March 23, 2018)

25. Consumers making these online complaints also state the infotainment system defects are a hazard that can distract drivers renders the care unsafe to drive:

- "The new "CarPlay" feature NEVER works right!! There have been times I've been on a long trip alone ow with just one of my kids and I'm using the GPS through CarPlay and it just turns off and on over and over again every two minutes, the whole ride. **This was dangerous and scary**. I've missed exits and gotten lost several times because of this." (Complaint posted to Edmunds.com dated January 12, 2019) (emphasis added.)

- "**This vehicle is extremely unsafe and unreliable**! I purchased it brand new and it's had 5-6 recalls and multiple additional major safety issues." (Complaint posted to KBB.com dated November 21, 2018) (emphasis added.)

- VEHICLE UCONNECT SCREEN LOCKS ONTO FORWARD IMAGE WHILE MOVING FORWARD DOWN THE ROAD OR GOES BLACK ELIMINATING THE ABILITY TO ACCESS ANY OF THE CLIMATE CONTROL OR SOS FEATURES. **EXTREMELY DISTRACTING AND REQUIRES VEHICLE TO BE PULLED OVER AND RESTARTED TO CLEAR**. (NHTSA Complaint, ID No. 11097723, dated May 24, 2018) (emphasis added.)

- THE UCONNECT ENTERTAINMENT SYSTEM WILL ALSO MALFUNCTION FROM TIME TO TIME. SEVERAL SOFTWARE UPDATES HAVE BEEN INITIATED, ADDRESSING WINDOW AND TRANSMISSION CONCERNS ACCORDING TO THE DEALERSHIP'S SERVICE DEPARTMENT. YET, THE VEHICLE DOES NOT FUNCTION PROPERLY, WHERE IDLE AND TRANSMISSION FUNCTIONING OFTEN APPEARS COMPROMISED (ROUGH IDLE, ROUGH SHIFTING, SUDDEN RPM INCREASES AND ACCELERATION BURSTS WHEN SHIFTING FROM REVERSE TO DRIVE). **I FEAR THIS CAR IS NOT SAFE FOR MY WIFE AND THREE YOUNG CHILDREN**. (NHTSA Complaint, ID No. 11057493, dated December 29, 2017.) (emphasis added.)

26. These statements regarding safety are born out by statistics from the NHTSA which found that distracted driving cause 3,166 fatalities in 2017, accounting for 8.5% of total fatalities that year.[3]

27. Based on consumer complaints, Defendant is and was aware of the infotainment system defect before Plaintiffs purchased their vehicle:

- "When I bought my Pacifica the audio used to go loud and soft. The next thing that happened was the fm would flip to am and the radio stations would change, U-connect would call the last person I had called the day before, and flip to climate control. Then, it started stalling out at intersections, a clear and pleasant danger!!! The car sitting at a light waiting to turn one time and going straight the other time. Both times it had to be restarted, holding up traffic. I am now concerned this will happen while in motion. **Others on facebook have said this has also happened to them and Chrysler knows about it,** but can't do anything about it because they don't have a fix for it. I have had my car to the dealer three times now. (Complaint posted to CarComplaints.com dated February 28, 2019) (emphasis added.)

- "I have had this car since late August and have had electrical problems with it from the first week. The electronics system went dead twice while I drove the car on a long distance trip. A few days later, the side door failed to open and close electronically AND the car issues and engine malfunction message on the radio screen. Brought the car back to the dealer over 20 times to repair these problems. These are safety problems and should be repaired immediately. **In addition, Chrysler has falsely advertised that this car has wifi capability. It doesn't.** I was able to connect a hotpot in the car for a month and then without notifying me, the hotspot was cancelled BUT I was still charged by AT&T. **I've contacted Chrysler about all of these problems and was transferred to 3 different case managers who simply tried to get me to sign a release in exchange for one month's payment of my lease.** I asked to return this car so many times and each time was stonewalled. I have wasted so much time driving back and forth to the dealership to get this car repaired and the problems continue. Buyers BEWARE!!!" (Complaint posted to Edmunds.com dated March 12, 2018) (emphasis added.)

- AFTER FOLLOWING GIVEN INSTRUCTIONS MY RADIO UCONNECT SYSTEM HAS BECOME NONFUNCTIONAL

  I HAVE BEEN TOLD BY THE MANUFACTURER I HAVE TO WAIT FOR AN UPDATE OR A FIX. IT HAS BEEN OVER A WEEK ALREADY...UPDATED 10/25/17 *BF

---

[3] NHTSA, https://crashstats.nhtsa.dot.gov/Api/Public/ViewPublication/812603 (last accessed September 19, 2019).

UPDATED 10/27/2017*JS
(NHTSA Complaint, ID No. 11024613, dated September 20, 2017)

28. Moreover, it is standard practice for automobile manufacturers to engage in extensive pre-launch testing. Defendant is no exception and tested the defective Vehicles, including the infotainment system contained within the Vehicles. Given the immediacy and frequency of complaints, Defendant knew or should have known about the defect prior to selling or leasing the defective Vehicles.

**C. Warranty Claims Data**

29. Defendant knew or should have known about the defective infotainment system based on the large number or repairs and services that were made immediately after the launch of the defective Vehicles.

30. Upon information and belief, Defendant regularly compiles and analyzes detailed warranty service information regarding repairs performed under warranty at its network of dealerships. Defendant requires dealers to maintain detailed records of warranty repairs performed and routinely refuses to pay for warranty repairs where the nature and cause of the malfunction is insufficiently described.

31. Upon information and belief, these dealer service records and warranty data reflect an abnormally large spike in infotainment system failures following the launch of the defective Vehicles.

32. The complete warranty repair data regarding the infotainment systems' repeated failures put Defendant on notice.

**D. Complaints Made To The NHTSA**

33. Vehicle manufacturers are required by federal law to maintain close contact with the NHTSA regarding potential safety defects. By law manufacturers are required to report information regarding customer complaints and warranty

claims to the NHTSA, and federal law imposes criminal penalties against manufacturers who fail to disclose known safety defects. *See generally* TREAD Act, Pub. > No. 106-414, 114 Stat. 1800 (2000).

34. Automakers have an affirmative legal duty to disclose emerging safety-related defects to the NHTSA under the Early Warning Report requirements. *Id*.

35. Vehicle manufacturers monitor the NHTSA database for consumer complaints as part of their ongoing obligation to uncover and report potential safety-related defects. Defects that undermine the effectiveness of their Vehicle's safety systems (including back-up camera are such safety related defects. Accordingly, Chrysler knew or should have known of the following complaints.

Date of Complaint: July 24, 2019
Date of Incident: May 8, 2019
NHTSA ID No.: 11234476
VIN: 2C4RC1N71KR****
Vehicle Type: 2019 Chrysler Pacifica

THE HANDS-FREE AND BLUETOOTH FEATURE OF MY RADIO STOPPED WORKING 3 MONTHS AGO. I HAVE BEEN IN TO CHRYSLER SERVICE IN FORT COLLINS FIVE TIMES TO HAVE IT FIXED. THE LAST TIME WAS TWO WEEKS AGO AND THEY SAID THEY WERE GOING TO JUST ORDER A NEW RADIO. I STILL HAVEN'T HEARD ANYTHING FROM THEM. THE SERVICE MANAGER, BOB LEE, SAYS IT'S CHRYSLER'S FAULT. I JUST WANT THIS THING FIXED. 3 MONTHS IS JUST RIDICULOUS. THIS IS AS MUCH A SAFETY PROBLEM AS IT IS AN INCONVENIENCE.

Date of Complaint: August 2, 2019
Date of Incident: June 20, 2019
NHTSA ID No.: 11241242
VIN: 2C4RC1L79JR****
Vehicle Type: 2018 Chrysler Pacifica

WHILE DRIVING ON A HIGHWAY DURING POURING RAIN, WITH WIPERS ON HIGH AND HEAD LIGHTS ON, DASH AND TOUCH SCREEN WENT OFF/BLACK FOR UP TO 15 MINUTES THEN TURNED BACK ON AGAIN. THIS OCCURRED THREE TIMES WHILE DRIVING. I WAS UNABLE TO PULL OVER ON THE THRUWAY AND WAS UNABLE TO ASSESS IF MY HEAD LIGHTS WERE

AFFECTED AS WELL. WE HAD BEEN DRIVING ABOUT AN HOUR WHEN THIS OCCURRED. THE CAR HAD BEEN CHARGED FULLY BEFORE BEGINNING OUR TRAVELS THAT DAY.

Date of Complaint: July 22, 2019
Date of Incident: July 1, 2019
NHTSA ID No.: 11233935
VIN: 2C4RC1EG5JR****
Vehicle Type: 2018 Chrysler Pacifica

THE ELECTRONICS THROUGH UCONNECT SHUT OFF RANDOMLY OR WILL NOT ALL WORK RANDOMLY. WE HAVE HAD THE SOFTWARE UPDATED BY OURSELVES AND THE DEALERSHIP ON MULTIPLE OCCASIONS. WHILE DRIVING OR IN PARK.

Date of Complaint: June 12, 2019
Date of Incident: June 4, 2019
NHTSA ID No.: 11219638
VIN: 2C4RC1EG2JR****
Vehicle Type: 2018 Chrysler Pacifica

ELECTRICAL AND SENSOR ISSUES. WHEN MY 2018 PACIFICA IS STARTED IN THE MORNING I RECEIVE A FCW (FRONT CRASH WARNING) AFTER DRIVING APPROXIMATELY ONE HALF MILE AND STOPPING AT A STOP LIGHT NEAR MY HOUSE. I HAVE THE GAS SAVER ON AND MY VAN WILL USUALLY SHUT OFF. WHEN I STOP AT THE LIGHT, THE CONSOLE WILL FLASH FCW WHEN NO OBJECTS ARE IN FRONT OR NEAR ME AS WELL AS TWO OTHER CENSORS FLASHING. THE VAN COMPLETELY SHUTS DOWN AND THEN FLASHES "START STOP REQUIRED". I THEN HAVE TO PLACE THE VEHICLE IN PARK, TURN IT OFF, RESTART IT, THEN SHIFT BACK TO DRIVE ALL WHILE IN AT AN INTERSECTION. THIS HAS HAPPENED AT LEAST 12 TIMES AND CREATES A RISK OF BEING REAR-ENDED. **SINCE WE PURCHASED THE VAN IN AUGUST 2018, WE HAVE HAD: THE UCONNECT CENTER REPLACED ON SEPTEMBER 7 2018, THE RADIO IMPROPERLY ACTIVATED OR TURNED OFF INCORRECTLY COMPLETELY DRAINING THE BATTERY REQUIRING TOW AND SERVICE ON APRIL 12 2019,** AND THE FCW WAS SUPPOSEDLY REPAIRED ON MAY 21 2019. ALTHOUGH IT WAS "FIXED" THE FCW ALERT HAS OCCURRED 3 TIMES SINCE IT WAS RETURNED LESS THAN 3 WEEKS PRIOR.

Date of Complaint: March 5, 2019
Date of Incident: March 2, 2019
NHTSA ID No.: 11184420

VIN: 2C4RC1EG4JR****
Vehicle Type: 2018 Chrysler Pacifica

IN THE FALL, THE ENTIRE ELECTRICAL SYSTEM FAILED LEAVING MY CAR COMPLETELY INOPERABLE. THIS HAPPENED WHILE DRIVING THE VEHICLE WITH MY KIDS IN THE CAR. THANK GOODNESS WE WERE IN A SAFE NEIGHBORHOOD GOING AT A SLOW RATE OF SPEED.IT TOOK OVER A WEEK TO "FIX" THE PROBLEM AND WAS GIVE A WHOLE NEW "COMPUTER". ON SATURDAY 3-2 AT 10:30 PM, I WAS DRIVING WITH MY CHILDREN ON THE OHIO TURNPIKE GOING 70 MPH WHEN THEN POWER STEERING FAILED. I HAD TO PULL OFF THE ROAD. I DID NOT HAVE CONTROL OF THE VEHICLE DUE TO LOSS OF STEERING AND HAD TO PULL THE WHEEL HARD TO THE RIGHT TO GET OFF THE ROAD. THANK GOODNESS, I WAS IN THE RIGHT LANE. IF I WERE IN THE LEFT LANE ON THE HIGHWAY, IT WOULD HAVE BEEN POTENTIALLY FATAL. BOTH OCCURRENCES COULD HAVE CAUSED SERIOUS INJURY OR HAVE BEEN FATAL. WE RESEARCHED THE ISSUES AND FOUND A NYTIMES ARTICLE ON THESE FAILURES. THIS CAR HAS PUT MY FAMILY'S SAFETY IN DANGER.

Date of Complaint: February 2, 2019
Date of Incident: January 31, 2019
NHTSA ID No.: 11173643
VIN: 2C4RC1EG9JR****
Vehicle Type: 2018 Chrysler Pacifica

ON NUMEROUS OCCASIONS THE NAVIGATION SCREEN WOULD GO BLACK OR FREEZE UP. ON MULTIPLE OCCASIONS THE UCONNECT THEATER WOULD NOT WORK. EVERYTIME WE TOOK IT TO THE DEALERSHIP SAID IT WAS FINE AND DIDN'T INVESTIGATE THE ISSUE. RECENTLY, WE WENT TO THE STORE MADE SEVERAL STOPS AT DIFFERENT STORES ON OUR LAST STOP THE VAN WOULD NOT RECOGNIZE THE KEYS. WE COULDN'T LOCK OR UNLOCK THE VAN. I HAD TO PULL OUT THE EMERGENCY KEY TO GET INTO THE VAN. ONCE INSIDE THE VAN DIDN'T RECOGNIZE THE KEYS. I ENDED UP HAVING TO GOOGLE THE ISSUE FOR A WORK AROUND TO GET HOME. THE ENTIRE RIDE THERE WAS A DISPLAY STATING THAT THE KEY WAS NOT IN THE VEHICLE. WE MADE ON MORE STOP AND AN LEFT THE VAN RUNNING. TEN MINUTES LATER IT RECOGNIZED THE KEY AND A UCONNECT STARTING WORKING AGAIN. THE VAN IS A 2018 AND LESS THAN A YEAR OLD. THIS IS UNACCEPTABLE FOR A NEW VEHICLE.

Date of Complaint: June 23, 2019
Date of Incident: June 23, 2019
NHTSA ID No.: 11103611
VIN: 2C4RC1FG8JR****
Vehicle Type: 2018 Chrysler Pacifica

DRIVING DOWN THE HWY WHEN THE VAN JUST TURNS COMPLETELY OFF ALMOST CAUSING A WRECK AND ALSO THE CONTROL PANEL FREEZES AND AC WILL NOT TURN ON AT ALL. IT WILL NOT LET YOU PRESS ANY BUTTONS

Date of Complaint: June 13, 2018
Date of Incident: May 28, 2018
NHTSA ID No.: 11101719
VIN: 2C4RC1GG1JR****
Vehicle Type: 2018 Chrysler Pacifica

1- TURN THE VAN ON. CLICK ON UCONNECT THEATER THEN SHIFT TO R OR CLICK THE SURROUND CAMERA TO ACTIVATE THE CAMERA, CLICK ANY BOTTOMS TO CHANGE THE CAMERA VIEW, IS NOT WORKING. THE SCREEN FREEZING AND NOT RESPONDING ANYMORE. TURN THE VAN OFF FOR 2 HOURS. TURN IT ON AGAIN, THE CAMERA OPTIONS WILL WORK FINE. CLICK THE UCONNECT THEATER AGAIN, GO BACK TO THE CAMERA OR SHIFT TO R, THE BOTTOMS THAT CHANGE THE VIEWS ARE NOT WORKING AND NOT RESPONDING. 2- PUT THE USB FLASH TO PLAY MOVIES. GO TO UCONNECT THEATER, IT WILL READ THE USB AND I CAN PLAY MOVIES. DISCONNECT THE FLASH AND CONNECT IT AGAIN, IT WILL NOT READING IT ANYMORE. TURN THE VAN OFF FOR 10 MIN. THEN TURN IT ON, IT WILL WORK AGAIN. ONCE I DISCONNECTED AND CONNECT IT AGAIN, IT WILL STOP READING IT. SOFTWARE ISSUES. (WATCH THE VIDEO THAT I DID (HTTPS://WWW.YOUTUBE.COM/WATCH?V=GC7O60KHJ4W) 3- ON SPEED 5 OR LESS, DRIVING FORWARD OR BACKWARD, WHEN I TURN RIGHT, THE STEERING WILL SHAKE. SOUNDS LIKE ROCK AND PINION OR STEERING COLUMN ISSUE.

Date of Complaint: May 24, 2018
Date of Incident: December 10, 2017
NHTSA ID No.: 11097723
VIN: 2C4RC1N77JR****
Vehicle Type: 2018 Chrysler Pacifica

VEHICLE UCONNECT SCREEN LOCKS ONTO FORWARD IMAGE WHILE MOVING FORWARD DOWN THE ROAD OR GOES BLACK ELIMINATING THE ABILITY TO ACCESS ANY OF THE CLIMATE CONTROL

OR SOS FEATURES. EXTREMELY DISTRACTING AND REQUIRES VEHICLE TO BE PULLED OVER AND RESTARTED TO CLEAR.

Date of Complaint: April 16, 2018
Date of Incident: October 27, 2018
NHTSA ID No.: 11196663
VIN: 2C4RC1EG2JR****
Vehicle Type: 2018 Chrysler Pacifica

THE DRIVERS SCREEN (NAVIGATION , BACK UP CAMERA, DVD,ETC) FREEZES REGULARLY. THIS MEANS THAT OFTEN THE BACKUP CAMERA IS UNAVAILABLE, AT TIMES THE MOVIE SHOWS EVEN WHILE DRIVING. I HAVE REPORTED IT SEVERAL TIMES TO CHRYSLER'S UCONNECT TEAM WITH NO RESOLUTION. MY CASE MANAGER IS NO LONGER ANSWERING MY CALLS. I HAVE VIDEOS OF THE MALFUNCTION. THE DEALERSHIP HAS ASKED ME TO BRING THE CAR IN 5 TIMES ALREADY, WITH NO RESOLUTION, BUT THEIR 'PLAN' IS TO JUST HAVE ME KEEP BRINGING IT IN BUT SAID THEY CANNOT REPLACE THE SCREEN/DEVICE. IT IS A SAFETY ISSUE THAT I CANNOT RELIABLY ACCESS MY REAR CAMERA OR CHANGE APPLICATIONS. I HAVE VIDEOS OF MULTIPLE IMSTAMCES

Date of Complaint: March 6, 2019
Date of Incident: February 28, 2019
NHTSA ID No.: 11184720
VIN: 2C4RC1B67JR****
Vehicle Type: 2018 Chrysler Pacifica

WHEN I BOUGHT MY PACIFICA THE AUDIO USED TO GO LOUD AND SOFT. THE NEXT THING THAT HAPPENED WAS THE FM WOULD FLIP TO AM AND THE RADIO STATIONS WOULD CHANGE, U-CONECT WOULD CALL THE LAST PERSON I HAD CALLED THE DAY BEFORE, AND FLIP TO CLIMATE CONTROL. THEN, IT STARTED STALLING OUT AT INTERSECTIONS, A CLEAR AND PLEASANT DANGER!!! THE CAR WAS SITTING AT A LIGHT WAITING TO TURN ONE TIME AND GOING STRAIGHT THE OTHER TIME. BOTH TIMES IT HAD TO BE RESTARTED, HOLDING UP TRAFFIC. I AM NOW CONCERNED THIS WILL HAPPEN WHILE IN MOTION. OTHERS ON FACEBOOK HAVE SAID THIS HAS ALSO THIS HAPPENED TO THEM AND CHRYSLER KNOWS ABOUT IT, BUT CAN'T DO ANYTHING ABOUT IT BECAUSE THEY DON'T HAVE A FIX FOR IT. I HAVE HAD MY CAR INTO THE DEALER THREE TIMES NOW.

Date of Complaint: June 27, 2018
Date of Incident: March 23, 2018
NHTSA ID No.: 11104219
VIN: 2C4RC1EG1JR****
Vehicle Type: 2018 Chrysler Pacifica

SINCE WE PURCHASED THE VEHICLE 3 MONTHS AGO, DEALER HASN'T BEEN ABLE TO CORRECT PROBLEMS WITH BLUETOOTH CONNECTIVITY MEMORY AND GPS MEMORY. THEY'VE REPLACED THE RADIO ONCE BUT THAT DIDN'T CORRECT ISSUES. PER DEALERSHIP, CHRYSLER HAS 'RADIO RESTRICTION' SO THEY DON'T KNOW WHEN ANOTHER MIGHT BE AVAILABLE. SEEMS MORE OF A SOFTWARE ISSUE THAT THEY DON'T SEEM TO KNOW HOW TO CORRECT

Date of Complaint: June 18, 2019
Date of Incident: May 31, 2019
NHTSA ID No.: 11182730
VIN: 2C4RC1BG3HR****
Vehicle Type: 2017 Chrysler Pacifica

RADIO SCREEN WENT BLACK. NOTHING CONNECTED WITH SCREEN CAN BE USED (RADIO, BACKUP CAMERA, CLIMATE CONTROL, ETC.

Date of Complaint: February 27, 2019
Date of Incident: February 19, 2019
NHTSA ID No.: 11221047
VIN: 2C4RC1EG3HR****
Vehicle Type: 2017 Chrysler Pacifica

THE UCONNECT SYSTEM HAS GONE OUT IN MY CAR ( SCREEN GOES BLACK) OVER A DOZEN TIMES IN 2 YEARS. WE ARE UNABLE TO USE FEATURES SUCH AS BACKUP CAM, TEMP CONTOLS, NAVIGATION, RADIO ETC. IT HAS BEEN TO THE DEALER 6 TIMES AND NO PERMANENT FIX HAS BEEN FOUND. LAST WEEK I RE-SET THE FUSE IN ORDER TO GET IT TO WORK.

Date of Complaint: February 3, 2019
Date of Incident: February 2, 2019
NHTSA ID No.: 11173802
VIN: 2C4RC1GG7HR****
Vehicle Type: 2017 Chrysler Pacifica

I PURCHASED A USED 2017 CHYRLSER PACIFICA AND COULD NOT GET MY UCONNECT TO WORK.

I FOUND OUT THAT THE PREVIOUS OWNER MAINTAINS THE UCONNECT ACCESS ACCOUNT UNTIL THEY CANCEL IT. THEY CAN UNLOCK, START

AND IF WANTED STEAL MY CAR USING THEIR CELL PHONE. UCONNECT DOES NOT CANCEL THE ACCOUNT WHEN THE CAR IS SOLD SO THE PREVIOUS OWNER MAINTAINS THE ACCOUNT UNTIL THEY CANCEL IT. THIS IS VERY DANGEROUS AS THE PREVIOUS OWNER CAN EFFECT THE OPERATION OF THE VEHICLE WITHOUT THE NEW OWNER'S KNOWLEDGE.

Date of Complaint: March 7, 2018
Date of Incident: March 1, 2018
NHTSA ID No.: 11076628
VIN: 2C4RC1GG1HR****
Vehicle Type: 2017 Chrysler Pacifica

LEASED A NEW PACIFICA A FEW MONTHS AGO. AROUND THE END OF FEBRUARY THE VEHICLE STALLED WHILE PARKED. THEN WHILE STARTING UP THE VEHICLE IN MARCH THE VEHICLE INFORMATION SYSTEM SCREEN SHUT OFF FOR NO REASON, THIS INCLUDED SENSORS, BACK UP CAMERAS , NAV , CLIMATE, RADIO ETC.

Date of Complaint: February 22, 2018
Date of Incident: February 5, 2018
NHTSA ID No.: 11074402
VIN: 2C4RC1EG0HR****
Vehicle Type: 2017 Chrysler Pacifica

THE NAVIGATION SCREEN RATHER IT’S THE RADIO, NAV, AIR SHUTS COMPLETELY DOWN/FREEZES UP ALONG WITH THE TVS AT TIMES.

Date of Complaint: January 24, 2018
Date of Incident: January 24, 2018
NHTSA ID No.: 11064640
VIN: 2C4RC1EG7HR****
Vehicle Type: 2017 Chrysler Pacifica

THE CONSUMER STATED THE UCONNECT STOPPED WORKING AS WELL AS THE AIRBAG. *JS *JS

Date of Complaint: January 20, 2018
Date of Incident: December 10, 2017
NHTSA ID No.: 11063934
VIN: 2C4RC1BG3HR****
Vehicle Type: 2017 Chrysler Pacifica

THE RADIO STOPS WORKING WHILE GOING DOWN THE ROAD LISTENING TO IT RADIO/USB EITHER ONE...YOU HAVE TO PULL OFF THE ROAD, TURN THE CAR OFF AND START THE CAR BACK UP TO GET THE

RADIO TO START WORKING AGAIN

Date of Complaint: January 4, 2018
Date of Incident: July 28, 2017
NHTSA ID No.: 11058428
VIN: 2C4RC1EG5HR****
Vehicle Type: 2017 Chrysler Pacifica

INTERMITTENT UCONNECT FUNCTIONALITY. SCREEN WOULD GO DARK, NAVIGATION NON RESPONSIVE, RANDOM ACCESSORY CONTROLS NON RESPONSIVE, THE CHRYSLER HELP BUTTON & 911 BUTTON WAS NON RESPONSIVE. INCREASED RPM AT IDEAL, PARKED OR AT BREAK. BREAK FADE & RANDOM LURCHING AT TRAFFIC STOPS. AFTER ABOUT 2 WEEKS COMPLETE BREAK FAILURE & ALL OTHER ELECTRICAL COMPONENTS OBSERVED FAILED. A PHONE CALL TO CHRYSLER ON PERSONNEL PHONE RESULTED IN CHRYSLER SENDING A FLATBED WRECKER FOR TRANSPORT TO DEALER SERVICE CENTER IN LEBANON, OHIO. FORTUNATELY IT ALL HAPPENED 2 DAYS BEFORE A TRIP OVER THE SMOKEY MOUNTAINS, INSTEAD OF WHILE ACTUALLY CROSSING THE MOUNTAINS. AFTER REPAIRS AT LEBANON, OHIO CHRYSLER. A VAGUE DESCRIPTION FROM SERVICE CENTER THAT IT WAS AN ELECTRICAL SYSTEM FAILURE & THEY REPLACED BATTERY. ALL EVENTS LISTED ABOVE DURING THE 2 WEEKS OCCURRED DURING NORMAL DRIVING IN TOWN & ON HIGHWAY.

Date of Complaint: December 29, 2017
Date of Incident: October 14, 2017
NHTSA ID No.: 11057493
VIN: 2C4RC1GG0HR****
Vehicle Type: 2017 Chrysler Pacifica

THE UCONNECT ENTERTAINMENT SYSTEM WILL ALSO MALFUNCTION FROM TIME TO TIME. SEVERAL SOFTWARE UPDATES HAVE BEEN INITIATED, ADDRESSING WINDOW AND TRANSMISSION CONCERNS ACCORDING TO THE DEALERSHIP'S SERVICE DEPARTMENT. YET, THE VEHICLE DOES NOT FUNCTION PROPERLY, WHERE IDLE AND TRANSMISSION FUNCTIONING OFTEN APPEARS COMPROMISED (ROUGH IDLE, ROUGH SHIFTING, SUDDEN RPM INCREASES AND ACCELERATION BURSTS WHEN SHIFTING FROM REVERSE TO DRIVE). I FEAR THIS CAR IS NOT SAFE FOR MY WIFE AND THREE YOUNG CHILDREN.

Date of Complaint: September 20, 2017
Date of Incident: September 6, 2017

NHTSA ID No.: 11024613
VIN: 2C4RC1BG6HR ****
Vehicle Type: 2017 Chrysler Pacifica

AFTER FOLLOWING GIVEN INSTRUCTIONS MY RADIO UCONNECT SYSTEM HAS BECOME NONFUNCTIONAL

I HAVE BEEN TOLD BY THE MANUFACTURER I HAVE TO WAIT FOR AN UPDATE OR A FIX. IT HAS BEEN OVER A WEEK ALREADY...UPDATED 10/25/17 *BF

UPDATED 10/27/2017*JS

Date of Complaint: August 17, 2017
Date of Incident: July 1, 2017
NHTSA ID No.: 11016084
VIN: N/A
Vehicle Type: 2017 Chrysler Pacifica

MY TOUCH SCREEN IS UNRESPONSIVE THREE FOURTHS OF THE TIME THAT I TRY IT. YOU ARE GOING TO MAKE ME PUT A SPECIFIC DATE HERE BUT THAT DOES NOT APPLY BECAUSE IT'S BEEN SINCE THE BEGINNING AND HERE I AM AND IT RIGHT NOW AND IT'S DOING IT AGAIN.

Date of Complaint: June 12, 2017
Date of Incident: May 21, 2017
NHTSA ID No.: 10994417
VIN: 2C4RC1BG2HR****
Vehicle Type: 2017 Chrysler Pacifica

THE SCREEN SWITCH TO THE APP PAGE AND WOULD NOT SWITCH BACK

36. As the preceding complaints demonstrate, lessees and purchasers of the defective Vehicles have lodged a multitude of complaints regarding defects with the infotainment system, though which Defendant was on notice of the defect.

**E. Defendant Has Acknowledged These Defects**

37. Defendant has knowledge of the defective infotainment system as shown by the fact that Defendant’s representatives, dealers, and technicians have admitted that the infotainment defects is a known and pervasive problem:

Date of Complaint: July 24, 2019
Date of Incident: May 8, 2019
NHTSA ID No.: 11234476
VIN: 2C4RC1N71KR****
Vehicle Type: 2019 Chrysler Pacifica

THE HANDS-FREE AND BLUETOOTH FEATURE OF MY RADIO STOPPED WORKING 3 MONTHS AGO. **I HAVE BEEN IN TO CHRYSLER SERVICE IN FORT COLLINS FIVE TIMES TO HAVE IT FIXED. THE LAST TIME WAS TWO WEEKS AGO AND THEY SAID THEY WERE GOING TO JUST ORDER A NEW RADIO. I STILL HAVEN'T HEARD ANYTHING FROM THEM. THE SERVICE MANAGER, BOB LEE, SAYS IT'S CHRYSLER'S FAULT.** I JUST WANT THIS THING FIXED. 3 MONTHS IS JUST RIDICULOUS. THIS IS AS MUCH A SAFETY PROBLEM AS IT IS AN INCONVENIENCE.

Date of Complaint: February 2, 2019
Date of Incident: January 31, 2019
NHTSA ID No.: 11173643
VIN: 2C4RC1EG9JR****
Vehicle Type: 2018 Chrysler Pacifica

ON NUMEROUS OCCASIONS THE NAVIGATION SCREEN WOULD GO BLACK OR FREEZE UP. ON MULTIPLE OCCASIONS THE UCONNECT THEATER WOULD NOT WORK. EVERYTIME **WE TOOK IT TO THE DEALERSHIP** SAID IT WAS FINE AND DIDN'T INVESTIGATE THE ISSUE. RECENTLY, WE WENT TO THE STORE MADE SEVERAL STOPS AT DIFFERENT STORES ON OUR LAST STOP THE VAN WOULD NOT RECOGNIZE THE KEYS. WE COULDN'T LOCK OR UNLOCK THE VAN. I HAD TO PULL OUT THE EMERGENCY KEY TO GET INTO THE VAN. ONCE INSIDE THE VAN DIDN'T RECOGNIZE THE KEYS. I ENDED UP HAVING TO GOOGLE THE ISSUE FOR A WORK AROUND TO GET HOME. THE ENTIRE RIDE THERE WAS A DISPLAY STATING THAT THE KEY WAS NOT IN THE VEHICLE. WE MADE ON MORE STOP AND AN LEFT THE VAN RUNNING. TEN MINUTES LATER IT RECOGNIZED THE KEY AND A UCONNECT STARTING WORKING AGAIN. THE VAN IS A 2018 AND LESS THAN A YEAR OLD. THIS IS UNACCEPTABLE FOR A NEW VEHICLE.

Date of Complaint: April 16, 2018
Date of Incident: October 27, 2018
NHTSA ID No.: 11196663
VIN: 2C4RC1EG2JR****
Vehicle Type: 2018 Chrysler Pacifica

THE DRIVERS SCREEN (NAVIGATION , BACK UP CAMERA, DVD,ETC) FREEZES REGULARLY. THIS MEANS THAT OFTEN THE BACKUP CAMERA IS UNAVAILABLE, AT TIMES THE MOVIE SHOWS EVEN WHILE DRIVING. **I HAVE REPORTED IT SEVERAL TIMES TO CHRYSLER'S UCONNECT TEAM WITH NO RESOLUTION. MY CASE MANAGER IS NO**

**LONGER ANSWERING MY CALLS. I HAVE VIDEOS OF THE MALFUNCTION. THE DEALERSHIP HAS ASKED ME TO BRING THE CAR IN 5 TIMES ALREADY**, WITH NO RESOLUTION, BUT THEIR 'PLAN' IS TO JUST HAVE ME KEEP BRINGING IT IN BUT SAID THEY CANNOT REPLACE THE SCREEN/DEVICE. IT IS A SAFETY ISSUE THAT I CANNOT RELIABLY ACCESS MY REAR CAMERA OR CHANGE APPLICATIONS. I HAVE VIDEOS OF MULTIPLE IMSTAMCES

Date of Complaint: March 6, 2019
Date of Incident: February 28, 2019
NHTSA ID No.: 11184720
VIN: 2C4RC1B67JR****
Vehicle Type: 2018 Chrysler Pacifica

WHEN I BOUGHT MY PACIFICA THE AUDIO USED TO GO LOUD AND SOFT. THE NEXT THING THAT HAPPENED WAS THE FM WOULD FLIP TO AM AND THE RADIO STATIONS WOULD CHANGE, U-CONECT WOULD CALL THE LAST PERSON I HAD CALLED THE DAY BEFORE, AND FLIP TO CLIMATE CONTROL. THEN, IT STARTED STALLING OUT AT INTERSECTIONS, A CLEAR AND PLEASANT DANGER!!! THE CAR WAS SITTING AT A LIGHT WAITING TO TURN ONE TIME AND GOING STRAIGHT THE OTHER TIME. BOTH TIMES IT HAD TO BE RESTARTED, HOLDING UP TRAFFIC. I AM NOW CONCERNED THIS WILL HAPPEN WHILE IN MOTION. **OTHERS ON FACEBOOK HAVE SAID THIS HAS ALSO THIS HAPPENED TO THEM AND CHRYSLER KNOWS ABOUT IT, BUT CAN'T DO ANYTHING ABOUT IT BECAUSE THEY DON'T HAVE A FIX FOR IT. I HAVE HAD MY CAR INTO THE DEALER THREE TIMES NOW.**

Date of Complaint: June 27, 2018
Date of Incident: March 23, 2018
NHTSA ID No.: 11104219
VIN: 2C4RC1EG1JR****
Vehicle Type: 2018 Chrysler Pacifica

SINCE WE PURCHASED THE VEHICLE 3 MONTHS AGO, **DEALER HASN'T BEEN ABLE TO CORRECT PROBLEMS WITH BLUETOOTH CONNECTIVITY MEMORY AND GPS MEMORY**. THEY'VE REPLACED THE RADIO ONCE BUT THAT DIDN'T CORRECT ISSUES. PER DEALERSHIP, CHRYSLER HAS 'RADIO RESTRICTION' SO THEY DON'T KNOW WHEN ANOTHER MIGHT BE AVAILABLE. SEEMS MORE OF A SOFTWARE ISSUE THAT THEY DON'T SEEM TO KNOW HOW TO CORRECT

Date of Complaint: February 27, 2019
Date of Incident: February 19, 2019
NHTSA ID No.: 11221047
VIN: 2C4RC1EG3HR****
Vehicle Type: 2017 Chrysler Pacifica

THE UCONNECT SYSTEM HAS GONE OUT IN MY CAR ( SCREEN GOES BLACK) OVER A DOZEN TIMES IN 2 YEARS. WE ARE UNABLE TO USE FEATURES SUCH AS BACKUP CAM, TEMP CONTOLS, NAVIGATION, RADIO ETC. **IT HAS BEEN TO THE DEALER 6 TIMES** AND NO PERMANENT FIX HAS BEEN FOUND. LAST WEEK I RE-SET THE FUSE IN ORDER TO GET IT TO WORK.

Date of Complaint: September 20, 2017
Date of Incident: September 6, 2017
NHTSA ID No.: 11024613
VIN: 2C4RC1BG6HR ****
Vehicle Type: 2017 Chrysler Pacifica

AFTER FOLLOWING GIVEN INSTRUCTIONS MY RADIO UCONNECT SYSTEM HAS BECOME NONFUNCTIONAL **I HAVE BEEN TOLD BY THE MANUFACTURER I HAVE TO WAIT FOR AN UPDATE OR A FIX. IT HAS BEEN OVER A WEEK ALREADY..**UPDATED 10/25/17 *BF

38. Several of Chrysler models have the same problem with their infotainment systems. Multiple Chrysler drivers have complained that their infotainment systems have been similarly defective.

Date of Complaint: August 15, 2018
Date of Incident: April 1, 2018
NHTSA ID No.: 11120139
VIN: N/A
Vehicle Type: 2017 Chrysler 300

BACK UP CAMERA NOT WORKING, HAS BEEN TO THE SHOP TWICE FOR REPAIR. 1ST TIME WAS SOFTWARE UPDATE, DIDN'T RESOLVE AS STILL WORKING RANDOMLY, 2ND TIME U05 RECALL , AGAIN DID'T WORK, WILL BE TAKING TO DEALERSHIP AGAIN FOR RESOLUTION. STARTED DAY AFTER PURCHASE, AND HAS BEEN GOING ON NOW 4 MONTHS

Date of Complaint: August 19, 2017
Date of Incident: August 1, 2017
NHTSA ID No.: 11120139
VIN: 2C3CCABG1HH****
Vehicle Type: 2017 Chrysler 300

LREAR CAMERA LOCKS UP ON SCREEN AND YOU CAN NOT DO ANYTHING WITH COMPUTER,VEHICLE MUST BE TURNED OFF AND RESTARTED

Date of Complaint: July 17, 2019
Date of Incident: September 21, 2018
NHTSA ID No.: 11120139
VIN: 2C3CCAPT1JH****
Vehicle Type: 2018 Chrysler 300

HAVE SEVERAL "BUGS" WITH STEREO/NAV/UCONNECT. RADIO PRESETS DISAPPEAR. NAV VOLUME DECREASES ON ITS OWN. BLUETOOTH USE INTERRUPTS NAV...MY LOCAL DEALER AND "UCONNECT CASE MANAGER" TOLD ME MONTHS AGO THAT I NEED A NEW SYSTEM YET IT HASN'T BEEN APPROVED/ORDERED. VERY DISAPPOINTED WITH CHRYSLER CUSTOMER SERVICE.

**F. Defendant's Warranty**

39. Defendant issued to all original purchasers and lessees, including Plaintiffs and the Class, a written manufacturer's warranty. This warranty "covers the cost of all parts and labor needed to repair any item on you vehicle when it left the manufacturing plant that is defective in material, workmanship or factory preparation" and that "[t]here is no list of covered parts since the only exception are tires and Unwired headphones."

40. Defendant's warranty states that "You pay nothing for these repairs" and that the repairs "including all parts and labor connected with them – will be made by you dealer at no charge, using new or remanufactured parts."

41. However, Defendant knew or should have known of the defects at the time of sale or lease of the Vehicles. However, Plaintiffs and Class members had no such knowledge. The defects were latent in nature because they are not obvious or reasonably ascertainable upon examination.

42. Despite having more than adequate opportunity to remedy the defect, Defendant has failed to do so and, in many instances, has merely repaved defective components with defective components.

43. Defendant concealed and continues to conceal the fact that the Vehicles contain a defective infotainment system. Defendant also continues to conceal the fact that the replacement components it provides are equally defective. Despite its knowledge of this defect, Defendant continues to sell defective Vehicles that contain the defective infotainment system. Therefore, Plaintiffs did not and could not discover this defect through reasonable diligence.

44. Plaintiffs and Class members reasonably relied on Defendant's warranties regarding the quality and other material characteristics of their Vehicles, including but not limited to, the representation that the Vehicles contained no known defects at the time of sale or lease.

## CLASS ALLEGATIONS

45. Plaintiffs bring this action on behalf of themselves, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> **Class 1 (National Class)**: All persons or entities whopurchased or leased a Chrysler Pacifica or 300 for the model years 2017-2019.
>
> **Class 2 (California Class)**: All persons or entities who purchased or leased a Chrysler Pacifica or 300 for the model years 2017-2019 in the State of California.

46. Excluded from the Class are (1) Defendant and any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

47. Plaintiffs reserve the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

48. This action has been brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 and other

applicable laws.

49. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiffs or will be known to Plaintiffs through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

50. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

a. Whether infotainment system in Chrysler Vehicles are defective at the time they are sold or leased;
b. Whether Defendant's express warranty covers the defect;
c. Whether Defendant breached express warranties in relation to its Vehicles;
d. Whether Defendant breached the implied warranties in relation to its Vehicles;
e. Whether Defendant knew about the defect(s), and if so, for how long;
f. Whether Defendant violated Civil Code §1770(a)(5) or the CLRA;
g. Whether Defendant violated Civil Code §1770(a)(7) or the CLRA;
h. Whether Defendant violated Civil Code §1770(a)(9) or the CLRA;
i. Whether Defendant's conduct in connection with their defective infotainment system in its Vehicles is an unlawful business practice;
j. Whether Defendant's conduct in connection with their defective infotainment system in its Vehicles is an unfair business practice; and
k. The nature and extent of class-wide injury and the measure of damages for the injury.

51. **Typicality**: Plaintiffs' claims are typical of the claims of the members of the classes they represent because Plaintiffs purchased a Chrysler vehicle with an infotainment system, and the infotainment system failed because of a common defect. Plaintiffs and the members of the classes they represent sustained the same or similar types of damages and losses.

52. **Adequacy:** Plaintiffs are an adequate representative of the Class they seek to represent because their interests do not conflict with the interests of the members of the class(es) Plaintiffs seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiffs and his counsel.

53. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

54. The Class(es) should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct

for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY – VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
### (By Plaintiff and National Class against all Defendants)

55. Plaintiffs re-allege, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein

56. The Defective Vehicles are consumer products as defined in 15 U.S.C. § 2301(1).

57. Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

58. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

59. 15 U.S.C. § 2301(d)(1)(A) and/or § 2301(d)(3)(C) is satisfied because Plaintiffs properly invoke jurisdiction under the Class Action Fairness Act.

60. In the course of selling the defective Vehicles, Defendant expressly warranted in Defendant's limited warranties that "covers the cost of all parts and labor needed to repair any item on you vehicle when it left the manufacturing plant that is defective in material, workmanship or factory preparation" and that "[t]here is no list of covered parts since the only exception are tires and Unwired

headphones."

61. Upon information and belief, Defendant's standard warranty language is identical for all defective Vehicles sold nationwide.

62. Defendant did not provide at the time of sale, and has not provided since then, Vehicles conforming to its express warranties.

63. Defendant breached and continues to breach express warranties because the defective infotainment systems were present in the defective Vehicles at the time of sale.

64. Defendant breached and continues to breach express warranties because Defendant did not (and does not) cover the full expenses associated with repairing and/or replacing the defective infotainment systems in Plaintiffs' and the Class members' defective Vehicles.

65. Plaintiffs have attempted to have their Vehicle repaired under the warranty. Defendant breached and continues to breach express warranties because it merely provides a software update or replaces the defective components with additional defective components and is unable to successfully repair the defects in Plaintiffs' and the Class members' defective Vehicles, despite having had reasonable opportunities to do so. As such, the express warranties fail their essential purpose.

66. Defendant's refusal to provide an adequate repair or replacement violates 15 U.S.C. § 2304.

67. Despite the fact that the Vehicles' infotainment systems continue to fail despite being "repaired," Defendant continues to replace the defective parts with identical or substantially similar defective parts. Thus, the defect is inherent and permanent in nature.

68. Defendant fraudulently concealed material information from Plaintiffs and the Class regarding the existence and extent of the defects. Defendant also fraudulently concealed the material fact that the replacement components were

defective. Therefore, any limitations imposed by Defendant as to the scope of its obligations under the express warranties to repair and replace defective parts and/or any disclaimers in the written warranties prepared by Defendant that purport to preclude recovery by Plaintiffs or the Class members are unconscionable, both substantively and procedurally, and are unenforceable as a matter of law.

69. Any such limitations or exclusions have been imposed unilaterally by Defendant via adhesive, "take it or leave it" contracts with no ability by Plaintiffs or the Class members to negotiate the substance or coverage of the warranties, and Plaintiffs and the Class members did not have any meaningful choices of reasonably available alternative sources of supply of suitable Vehicles free of the above unconscionable conditions.

70. Furthermore, Defendant's express warranty fails in its essential purpose because the contractual remedy is insufficient to make Plaintiffs and the Class members whole and because Defendant has failed and/or refused to adequately provide the promised remedies within a reasonable time.

71. Also, as alleged herein, at the time that Defendant warranted and sold the Vehicles, it knew that the Vehicles were inherently defective, and Defendant wrongfully and fraudulently misrepresented and/or concealed material facts regarding the Vehicles. Plaintiffs and the Class members were therefore induced to purchase the Vehicles under false and/or fraudulent pretenses.

72. Further, the enforcement under these circumstances of any limitations whatsoever on the recovery of incidental and/or consequential damages is barred because any such limitations work to reallocate the risks between the parties in an unconscionable and objectively unreasonable manner, and result in overly harsh or one-sided results that shock the conscience, especially in light of the fact that Defendant simply placed defective components in the Vehicles when those Vehicles are brought in for repairs.

73. Moreover, many of the damages flowing from the Vehicles cannot be resolved by the limited remedies contained in the express warranty as those incidental and consequential damages have already been suffered due to Defendant's fraudulent conduct as alleged herein and due to their failure to provide such limited remedy within a reasonable time. Therefore, any limitation on Plaintiffs' and the Class members' remedies would cause the available remedy to be insufficient to make them whole.

74. Defendant was previously provided notice of the defects in the Vehicles by numerous customer complaints, letters, emails, and other communications from Class members, dealers, and other repair facilities.

75. Plaintiffs and the Class members have suffered damages directly and proximately caused by Defendant's breach of the express warranty and are entitled to recover damages including, but not limited to, out of pocket expenses and diminution of value.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY – MAGNUSON-MOSS WARRANTY ACT
## (By Plaintiffs and the National Class against all Defendants)

76. Plaintiffs re-allege, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

77. Plaintiffs bring this claim on behalf of the Nationwide Class.

78. The Vehicles are "consumer products" within the meaning of 15 U.S.C. § 2301.

79. Plaintiffs and members of the Class are "consumers" within the meaning of 15 U.S.C. § 2301 because they are persons entitled under applicable state law to enforce against the warrantor the obligations of its express and implied warranties.

80. Defendant is a "supplier" of consumer products to consumers and a "warrantor" within the meaning of 15 U.S.C. § 2301.

81. 15 U.S.C. § 2310(d)(1)(A) and/or § 2310(d)(3)(C) is satisfied because Plaintiffs properly invoke jurisdiction under the Class Action Fairness Act.

82. Section 2310(d)(1) of Chapter 15 of the United States Code provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

83. Defendant made written and implied warranties regarding the Vehicles to Plaintiffs and Class members within the meaning of 15 U.S.C. § 2301. Defendant provided Plaintiffs and other Class members an implied warranty of merchantability within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7).

84. Defendant breached the implied warranty of merchantability because the Vehicles were not fit for the ordinary purpose for which such goods are used. As described throughout the Complaint, the Vehicles contain defects which render them unsafe, inconvenient, and imperfect such that Plaintiffs and Class members would not have purchased the Vehicles had they known of the defects.

85. Pursuant to 15 U.S.C. § 2310(e), Plaintiffs are entitled to bring this class action and are not required to give Defendant notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

86. Plaintiffs, individually and on behalf of the other Class members, seek all damages permitted by law, including diminution in value of their Vehicles, in an amount to be proven at trial.

87. In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and the other Class members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiffs and the other Class members in connection with the commencement and prosecution of this action.

88. Further, Plaintiffs and the Class are also entitled to equitable relief under 15 U.S.C. § 2310(d)(1) and damages as a result of Defendant's violation of its written and/or implied warranties.

## THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
## (By Plaintiff and the California Subclass against all Defendants)

89. Plaintiffs re-allege, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

90. Defendant expressly warranted to Plaintiffs and class members, among other things, that its limited warranties "covers the cost of all parts and labor needed to repair any item on your vehicle when it left the manufacturing plant that is defective in material, workmanship or factory preparation."

91. This express warranty was part of basis of the bargain for Plaintiffs and Class members, and Plaintiffs and Class members reasonably relied on it.

92. Plaintiffs' infotainment system was defective within the warranty period, as alleged herein, indeed it was defective when it was first sold to Plaintiffs.

93. Defendant has refused and/or failed to properly repair and/or cover Plaintiffs for this defect. Defendant has similarly failed to repair and/or cover Class members for costs associated with the defect in the infotainment system of Chrysler Vehicles.

94. Defendant breached the express warranty by failing to cover Plaintiffs and Class members for repairs and other costs associated with the defective infotainment systems in the Chrysler Vehicles.

95. As a result of Defendant's breach, Plaintiffs and the Class members have suffered damages and/or are entitled to restitution, including but not limited to, the cost of the purchase associated with infotainment system, the cost of repair, and/or the cost of inspection and/or replacement with a non-defective infotainment system.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY – SONG-BEVERLY WARRANTY ACT

**(By Plaintiff and the California Subclass against all Defendants)**

96. Plaintiffs re-allege, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

97. This cause of action is brought under Song-Beverly Consumer Warranty Act, Civil Code §§1792 and 1791.1.

98. Defendants were at all times the manufacturer, distributor, warrantor, or seller of the Chrysler Vehicles at issue in this action. Defendant knew or should have know of the use for which the Vehicles were purchased. However, the Defendant's Vehicles were not fit for the ordinary purpose of providing reasonably safe transportation because the infotainment systems were defective. This was an inherent defect at the time of sale or leasing Defendant's Vehicles.

99. Defendants impliedly warranted that the Chrysler Vehicles were of merchantable quality and fit for such use. This implied warranty included, among other things: (i) a warranty that the Defendant's Vehicles and the infotainment system manufactured, designed, supplied, distributed, and/or sold by Defendant was safe, reliable, and/or durable for providing transportation; and (ii) a warranty that Defendant's Vehicles and the infotainment system would be fit for their intended use while the Vehicles were being operated.

100. Contrary to the applicable implied warranties, Defendant's Vehicles and the infotainment system, at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing Plaintiff and Class members with reliable, durable, and safe transportation. Instead, the Defendant's Vehicles were defective, including but not limited to, defective in the design and manufacture of the sunroof system.

101. Defendant's actions complained of herein breached the implied warranty that the Defendant's Vehicles were of merchantable quality and fit for use as safe and reliable transportation, in violation of Civil Code §§1792 and 1791.1.

102. As a result of Defendant's breaches, Plaintiff sand the Class members have suffered damages and/or or entitled to restitution, including but not limited to, the cost of the lease associated with sunroof, the cost of repair, and/or the cost of inspection and/or replacement with a non-defective roof.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
## (By Plaintiff and the California Class against all Defendants)

103. Plaintiffs re-allege, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

104. This cause of action is brought under the Consumer Legal Remedies Act, California Civil Code §1750 *et seq*. Plaintiffs and members of the Class are consumers as defined by California Civil Code §1761(d). The Chrysler Vehicles at issue are goods within the meaning of Civil Code §1761(a).

105. Plaintiffs and the other Class members are consumers within the meaning of Civil Code §1761(d).

106. As alleged herein, Defendant made misleading representations and omissions concerning the benefits, performance, and safety of Defendant's Vehicles, including the infotainment system.

107. Defendant violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and members of the Class, which were intended to result in, and did result in, the sale of Chrysler Vehicles:

a. Representing that goods . . . have . . . characteristics, . . . [or] uses . . . which they do not have, in violation of Civil Code §1770(a)(5);

b. Representing that goods . . . are of a particular standard . . ., if they are of

another, in violation of Civil Code §1770(a)(7);

c. Advertising goods . . . with intent not to sell them as advertised, in violation of Civil Code §1770(a)(9).

d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of Civil Code §1770(a)(16).

108. Defendant intentionally and knowingly misrepresented and omitted material facts regard its Vehicles, Specifically regarding the infotainment system, with an intent to mislead Plaintiffs and the Class.

109. In purchasing or leasing the Vehicles, Plaintiffs and Class members were deceived by Defendant's failure to disclose its knowledge.

110. Defendant has undertaken unfair methods of competition and unfair or deceptive acts or practices in transactions intended to result or which results in the sale of goods and/or services to a consumer, as alleged herein.

111. As a result of the employment by Defendant of the above-alleged methods, acts, and practices, Plaintiffs and the class suffered damage within the meaning of Civil Code §1780(a), entitling them to injunctive relief. Pursuant to Civil Code §1782(d), Plaintiffs and the class further intend to seek compensatory damages and/or restitution, and, in light of Defendant's willful and conscious disregard of the safety and rights of Plaintiffs and the class, Plaintiffs and the class also intend to seek an award of punitive damages. Plaintiff will amend the complaint to add requests for damages at the appropriate time, pursuant to Civil Code §1782(d).

112. As a proximate result of Defendant's violations of the CLRA, Plaintiff and the Class request that Defendant be enjoined from engaging in the aforementioned conduct in violation of the CLRA.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(By Plaintiffs and the California Subclass against all Defendants)**

113. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

114. This cause of action is brought by Plaintiffs and the Class under California Business & Professions Code §17200, et seq. (the "UCL"). Section 17200 of the UCL prohibits any unlawful, unfair, or fraudulent business practices.

115. Through the actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

116. Defendant's unlawful conduct includes, but is not limited to, violation of the CLRA, Magnuson-Moss Warranty Act, Song-Beverly Consumer Warranty Act, and laws regarding express warranties. Defendant's fraudulent conduct, includes, but is not limited to, failing to disclose that the infotainment systems are defective and a safety hazard, misrepresenting the characteristics, uses, and/or standards of the Chrysler Vehicles and infotainment systems, and representing that the infotainment systems were safe and of merchantable quality free of defects. Defendant's unfair conduct includes, but is not limited to, distributing Chrysler automobiles, and charging a premium for the infotainment system, when the infotainment system was defective, as alleged herein.

117. Plaintiffs have standing to assert this claim because they have suffered injury in fact and has lost money as a result of Defendant's conduct.

118. Plaintiff sand the Class seek restitutionary disgorgement from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

**PRAYER**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated and also on behalf of the general public, prays for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a national class action and a California class action;

B. Awarding Plaintiffs and Class members compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial, except that for now, the California Class seeks only equitable and injunctive relief with respect to their claims under California's Consumer Legal Remedies Act, California Civil Code § 1750, *et seq*.;

C. Awarding restitutionary disgorgement from Defendant to Plaintiffs and the Class;

D. Any and all remedies provided pursuant to the Magnuson-Moss Warranty Act

E. Any and all remedies provided pursuant to the Song-Beverly Act, including under California Civil Code §1794;

F. Attorney's fees and costs;

G. For such other relief the Court deems just and proper.

DATED: September 24, 2019 **HAFFNER LAW PC**

By: /s/*Graham G. Lambert*____
Joshua H. Haffner
Graham Lambert
Attorneys for Plaintiff and others
Similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for himself and the Class members on all claims or causes of action so triable.

DATED: September 24, 2019 **HAFFNER LAW PC**

By: /s/*Graham G. Lambert*____
Joshua H. Haffner
Graham Lambert
Attorneys for Plaintiff and others
Similarly situated

**VERIFICATION OF COREY GERRITSEN**

I, Corey Gerritsen, declare as follows:

1. I am the Plaintiff in the above-referenced case, including with respect to the First Cause of Action for Violation of the Consumer Legal Remedies Act. I am a competent adult, over eighteen years of age, and a resident of the State of California. I am making this declaration in support of my Class Action Complaint against FC USA, LLC.

2. On or about March 26, 2018, I purchased a new 2018 Chrysler, Pacifica, Vehicle Identification Number 2C4RC1N72JR229538, from Rydell Chrysler Dodge Jeep Ram, an authorized dealership, in San Fernando, California.

3. I reside in Woodland Hills, California. Accordingly, pursuant to California Civil Code section 1780(d), the Superior Court of the State of California, County of Los Angeles is the proper venue for my claims for Violation of the Consumer Legal Remedies Act.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 18th day of September, 2019 in Woodland Hills, California

Corey Gerritsen

**VERIFICATION OF SARA ELICE**

I, Sara Elice, declare as follows:

1. I am the Plaintiff in the above-referenced case, including with respect to the First Cause of Action for Violation of the Consumer Legal Remedies Act. I am a competent adult, over eighteen years of age, and a resident of the State of California. I am making this declaration in support of my Class Action Complaint against FC USA, LLC.

2. On or about March 26, 2018, I purchased a new 2018 Chrysler, Pacifica, Vehicle Identification Number 2C4RC1N72JR229538, from Rydell Chrysler Dodge Jeep Ram, an authorized dealership, in San Fernando, California.

3. I reside in Woodland Hills, California. Accordingly, pursuant to California Civil Code section 1780(d), the Superior Court of the State of California, County of Los Angeles is the proper venue for my claims for Violation of the Consumer Legal Remedies Act.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 18th day of September, 2019 in Woodland Hills, California

Sara Elice